Patrick Cogan
17222 N. Paradise Park Dr.
Phoenix, AZ 85032
480-432-0092
Plaintiff Appearing Pro Per

☑ FILED      ___ LODGED
___ RECEIVED   ___ COPY

SEP 05 2014

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

# FIRST AMMENDED COMPLAINT

| | |
|---|---|
| Patrick Cogan | Case No.  CV-14-01418-PHX-DJH |
| Plaintiff | |
| vs. | COMPLAINT |
| | |
| Maricopa County, and/or Maricopa County | Violation of FMLA Act |
| Juvenile Probation Department , and/or | (Plaintiff seeking Employment |
| Chief Probation Officer Eric Meaux and | Reinstatement, Compensatory Damages, |
| Charlotte Shrum and John Doe Shrum, her | Interest, Attorney's Fees and Costs) |
| Husband, | |
| Defendants | |
| | DEMAND FOR JURY TRIAL |

Plaintiffs Patrick Cogan, ("Cogan') complain of the defendants, and each of them, as follows:

## JURISDICTION

1.        This action involves application of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq. This court has jurisdiction of this action pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

## VENUE

2.        The claims asserted in this action arose within this district and the alleged discrimination and damages occurred in this district. Venue of this action is proper pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1391.

## PARTIES

3.      Cogan is, and at all times material hereto was, a citizen of the State of Arizona, residing in Maricopa County, Arizona; John Doe Shrum is included as a defendant in this case because Arizona is a community property state and John Doe Shrum may be responsible in whole or in part for his wife's actions or omissions.

4.      Cogan is informed and believes, and upon that basis alleges, the defendants Maricopa County, Maricopa County Juvenile Probation Department, Chief Probation Officer Eric Meaux, and Charlotte Shrum (Supervisor) is and was at all times material hereto, an Arizona public agency doing business in this district, having its principal place of business in Maricopa County, Arizona.

5.      Cogan, is informed and believes, and upon that basis alleges, that Charlotte Shrum is, and at all times material hereto was, an agent, employee and servant of the defendant the Maricopa County Juvenile Probation Department; that at all times relevant hereto she was plaintiff Cogan's supervisor, and was acting within the course and scope of her agency or employment authority as such, with knowledge, express or implied, of the Maricopa County Juvenile Probation Department. Charlotte Shrum (Supervisor), acting under authority of and under official capacity as Supervisor for the Maricopa County Juvenile Probation Department, failed to place [when] Cogan in his original job or an "equivalent" after returning from FMLA leave in violation of the FMLA.  Accordingly, adherence to the fiction that Charlotte Shrum was acting outside the scope of her authority would permit abuse of the corporate privilege and would sanction fraud and promote injustice; thus it is alleged she was acting with the scope of her authority for the subject defendant, but to the extent she was not, she is personally liable.

## GENERAL ALLEGATIONS

6.      At all times material hereto, Cogan was an employee of Maricopa County Probation Department, employed primarily as a Juvenile Probation Officer, commencing in December 1999 and serving until June 2012; that in his job, he reported to a Charlotte Shrum, Supervisor of Maricopa County Juvenile Probation Department.

7.      On or about May 21, 2012, Cogan was placed on FMLA Leave by the Maricopa County Juvenile Probation Department after admitting himself into the hospital with suicidal thoughts.  Cogan remained in the hospital until May 28, 2012 and remained on FMLA leave until June 25, 2012.  According to the U.S. Department of Labor, in regards to FMLA leave, each time an eligibility notice is required, the employer must also provide written notice to the employee detailing the specific expectations and obligations of the employee.  At no point was Cogan provided his FMLA Rights nor advised of his FMLA Responsibilities.

8.      On June 25, 2012 Cogan returned to work to find that he had no caseload, and was told by Acting Director Richard Kokes his caseload was dispersed and Cogan was being "weaned" back into

things.  On June 27, 2012 at a staff meeting with Cogan's Unit and Supervisor Charlotte Shrum, Charlotte Shrum passed out a new caseload list to the employees of the unit; that Cogan's caseload had gone from 5 zip codes in Central Phoenix to 23 zip codes covering the north, west, and south boundaries of Maricopa County. Cogan's caseload area from his home went from approximately 40 miles round trip to approximately 300 miles round trip. Because his caseload was drastically modified in an unreasonable fashion, it was the equivalent of a constructive termination; Cogan did not return to work to his original job or an "equivalent."

9.     On or about June 28, 2012, Cogan resigned from the Maricopa County Juvenile Probation Department, citing that the change in caseload area was unreasonable if not impossible; after speaking to both Charlotte Shrum and Richard Kokes about the enormous caseload area and being told that the "powers that be decided Cogan should have this caseload area" and that there was nothing they could do, plaintiff determined that he was being squeezed out for no good reason.

10.    Cogan is informed and believes, and on that basis alleges, that in performing the actions alleged in paragraphs 7and 8 above, defendants, and each of them, failed to comply with the applicable statutes and regulations, and instead, performed these actions in such a way as to discriminate against him by reassigning him to a position requiring him to cover such a massive area, which no one had ever had before, constructively forcing his resignation. It should also be noted that the caseload was dispersed amongst the unit until October of 2012 and at that point the caseload was split in half and given to a new officer while the other half continued to be dispersed until another officer took over the other half of the caseload in January of 2013.

11.    Cogan is informed and believes that the defendants conduct was retaliation for taking the FMLA leave from May 21, 2012 to June 25, 2012.  In a document provided to the EEOC Charlotte Shrum states that after the FMLA Leave "The impact on Patrick's work unit has been extensive as most members of his unit have had to cover his work, at the last minute, by attending Court Hearings, writing reports, and making home visits." She goes on to say that Cogan "left the unit in a difficult situation."

12.    Cogan was engaged in a protected activity under the FMLA and suffered an adverse action by Charlotte Shrum following the protected activity.  Cogan was entitled to FMLA leave due to his mental health issues and was not returned to an equivalent position upon his return from his FMLA leave.  The actions of Charlotte Shrum are linked to the protected activity.

13.    The right to reinstatement 29 U.S.C. 2614 a (1) states that Cogan was protected under FMLA to be restored to an equivalent position.  Cogan's FMLA rights were violated. Charlotte Shrum denied Cogan FMLA benefits to which he was entitled.

14.    The FMLA entitles eligible employees of covered employers to take unpaid, job-protected leave for specified family and medical reasons with continuation of group health insurance coverage under the same terms and conditions as if the employee had not taken leave. Section 105 of the FMLA and section 825.220 of the FMLA regulations prohibit the following actions:

• An employer is prohibited from interfering with, restraining, or denying the exercise of, or the attempt to exercise, any FMLA right.

• An employer is prohibited from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise any FMLA right.

Any violations of the FMLA or the Department's regulations constitute interfering with, restraining, or denying the exercise of rights provided by the FMLA.

15.     Cogan was eligible for FMLA protections. Cogan was placed on FMLA leave verbally over the phone by Acting Director Richard Kokes on May 21, 2012 from the Maricopa County Juvenile Probation Department.

16.     FMLA applies to all public agencies, including state, local and federal employers, local education agencies (schools), and private-sector employers who employed 50 or more employees in 20 or more workweeks in the current or preceding calendar year, including joint employers and successors of covered employers.  The Maricopa County Juvenile Probation Department does fit into these guidelines.

17.     Cogan is informed and believes, and on that basis alleges, that, as a proximate result of defendant's conduct. (1) Cogan's  was deprived of his right to be provided with his FMLA rights and responsibilities (2) Cogan's reassignment to a position with a significantly different caseload area was perpetuated knowing that the drastic change in caseload would cause a severe hardship to Cogan, forcing his resignation.

18.     As a proximate cause of defendants' conduct, Cogan has been unemployed and has been and will continue to experience a loss of wages while being forced to expend significant personal sums in order to provide food, shelter, and clothing for his wife, his three children, his very ill mother and father-in-law and himself. These expenditures and costs are consistent with those recoverable for violation of the FMLA; the exact nature and amount of said losses are not, at this time, fully known, but this Complaint will be amended at a later time to disclose the true value of these losses.

/ / /
/ / /
/ / /

## FIRST CLAIM FOR RELIEF

### (Compensatory Damages Under the FMLA)

### 29 U.S.C. § 2617(a)

19.     Cogan realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 18, inclusive.

20.     Cogan is informed and believes, and on that basis alleges, that the Maricopa County Juvenile Probation Department qualifies as an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4), and that Cogan is an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. § 2611(2).

21.     Cogan is informed and believes, and on that basis alleges, that Cogan was denied restoration/reinstatement to the same or equivalent position as prescribed in FMLA.

22.     Cogan is informed and believes and on that basis alleges that defendants are responsible under the FMLA, 29 U.S.C. § 2617(a).

23.     As the result of Cogan's forced resignation, Cogan has incurred, and is now incurring, a loss of wages, all within the meaning of the FMLA, 29 U.S.C. § 2617(a), in an amount to be proved at trial, but believed to exceed $100,000. These costs include, without limitation, lost wages , back pay from the effective date of termination, and lost employment benefits from the date of termination, the loss of front pay as of the date of this complaint, and any interest on the amount thereon as provided in the FMLA, 29 U.S.C. § 2617. The costs also include undetermined attorneys' fees that, as of the date of this complaint.

24.     Cogan is informed and believes, and on that basis alleges, that pursuant to 29 U.S.C. § 2617(a), defendant is liable to Cogan for the costs described in the preceding paragraph.

## SECOND CLAIM FOR RELIEF

(Declaratory Relief For Compensatory Damages Under the FMLA)

29 U.S.C. § 2617(a)

25.     Cogan realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 24 above.

26.     An actual controversy now exists between Cogan on the one hand, and defendants, on the other, in that Cogan contends that defendants are liable under the FMLA, 29 U.S.C. § 2617(a), for all lost wages, benefits, and costs to be incurred by Cogan and reinstatement to his previous position or its equivalent, in connection with the alleged employment discrimination perpetrated by the Maricopa County, and/or Maricopa County Juvenile Probation Department, and/or Chief Probation Officer Eric Meaux, and Charlotte Shrum. Cogan is informed and believes, and on that basis alleges, that the defendants contend in all respects to the contrary.

27.     A declaration of the rights and obligations of the parties, pursuant to FMLA, 29 U.S.C. § 2617(a), are binding in any subsequent action or actions to recover further costs incurred by Cogan, is appropriate and in the interests of justice.

WHEREFORE, Cogan prays for judgment against the defendant as follows:

### AS TO THE FIRST CLAIM FOR RELIEF

### FOR COMPENSATORY DAMAGES UNDER THE FMLA.

1.      For reinstatement of Cogan to his previous position or equivalent, compensatory damages, and other costs incurred by Cogan in the maximum amount allowed by law according to proof, but believed to exceed $100,000.

2.      For Cogan's reasonable attorneys' fees.

3.      For Cogan's costs herein.

4.      For such other and further relief as the Court deems reasonable under the circumstances.

### AS TO THE SECOND CLAIM FOR RELIEF

### FOR DECLARATORY RELIEF UNDER THE FMLA.

5. For a judicial declaration that the defendants are liable under the FMLA, 29 U.S.C. § 2617(a) for all past, present and future lost wages, employment benefits and other costs incurred by Cogan including an award of attorney's fees in connection with Cogan's wrongful termination of employment of Maricopa County Juvenile Probation, including, without limitation, reasonable attorneys' fees.

### AS TO ALL CLAIMS

6. For a costs of suit herein; and

7. For such other and further relief as the Court deems just and proper.

Dated: September 5, 2014

Plaintiff Appearing Pro Per

BY: _____
      Patrick Cogan

## DEMAND FOR JURY TRIAL

     PLEASE TAKE NOTICE THAT Plaintiffs Cogan hereby demands trial by jury for the claims set forth by the complaint.

Dated: September 5, 2014

                         Plaintiff Appearing Pro Per

                    BY: _____
                       Patrick Cogan